**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

JERMICO DAJUAN WILLIS, a/k/a
Jermico D. Willis,

　　　Defendant-Appellant.

No. 12-5166
(D.C. No. 4:12-CR-00043-CVE-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **KELLY**, and **GORSUCH**, Circuit Judges.

---

　　　Tulsa police officers Barry Hamm and Tracy Zeller were out serving a

warrant when they got a call from dispatch reporting a "disturbance with a gun."

The officers were nearby — only a few minutes away from the spot of the

disturbance — and they headed straight there.  On arriving, they searched the

area, quickly found a man fitting the description they received, and they stopped

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him for a brief investigative detention. Almost immediately the officers learned that the man they had stopped — Jermico Willis — indeed had a gun and a felony record, too, so they arrested him for being a felon unlawfully in possession of a firearm. Once in court, Mr. Willis sought to suppress the evidence found during the stop, arguing that the officers initiated the stop in violation of the Fourth Amendment. When the district court demurred, Mr. Willis brought this appeal.

The Fourth Amendment requires officers to possess particularized and objective grounds for detaining anyone, even briefly to ask questions. At the same time, when a detention is just that — brief and investigative, rather than a full blown arrest — officers don't need probable cause or even a preponderance of the evidence to support their stop. *See United States v. Esquivel-Rios*, 725 F.3d 1231, 1236 (10th Cir. 2013). In this case, Mr. Willis argues that the stop should have never taken place — that the officers lacked any particularized and objective basis to detain him even for a moment.

We cannot agree. The caller left her name and address. She described the man with the gun outside her house as black and wearing a grey shirt. No one disputes her reliability and, though her description was pretty generic, the responding officers soon had more to go on. They arrived at the house within minutes, noticed no one standing outside, and saw only two roads leading away from the home: one headed North, the other East. Having traveled from the North, and having seen no one matching the caller's description, the officers

turned East. Within a block they saw two men walking away from the direction of the home. One of them was Mr. Willis. He is a black man and he was wearing a grey shirt. The district court additionally found that the stop took place in a residential neighborhood, an area that isn't highly trafficked by pedestrians. Mr. Willis replies that there's nothing in the record to support the district court's finding about the neighborhood's quiet character — and, as far as that goes, he's right. But district courts may take judicial notice of facts "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b). Neither does Mr. Willis dispute the accuracy of the district court's description of the area.

Taking all this together, the facts here are enough to support reasonable suspicion. Not only do we have a description (albeit admittedly generic) from a caller whose reliability isn't challenged, we have the possibility of easy pedestrian travel in only one direction away from the scene, the fact the officers quickly encountered someone meeting the caller's description along that line of travel, the fact they responded so quickly that it seemed reasonable to think the suspect would still be nearby, and the fact that not many people could be expected walking in the area at the time. As a whole, this is enough.

In *Terry v. Ohio*, perhaps the paradigmatic investigative detention case, Officer McFadden only saw men hovering around a store window, gathering in small groups, walking away, and rejoining a couple blocks away. 392 U.S. 1, 23 (1968). Equivocal though the situation surely was, the Court concluded that "[i]t

would have been poor police work indeed for an officer of 30 years' experience in the detection of thievery from stores in this same neighborhood to have failed to investigate this behavior further." *Id.* Much the same might be said here: it would seem odd to expect law enforcement *not* to follow up a citizen's complaint as the officers did in this case.

Mr. Willis says our decision in *United States v. Jones*, 998 F.2d 883 (10th Cir. 1993), compels a different conclusion, but we cannot see how. In *Jones*, officers received a tip about a disturbance by two men, one with a gun, driving a black Mercedes. We found a Fourth Amendment violation because a reasonable officer should've known the car they stopped wasn't the one they were looking for. The car they stopped had a child in it (something the tipster hadn't reported), the car wasn't headed away from the disturbance, the car was on a street that could be reached from the scene of the disturbance only by a circuitous route, and the car the officers saw independently stopped in front of a grocery store — and few would venture that a stop for groceries is exactly consistent with a quick getaway. *Id.* at 885. We have no facts like these to undermine the officers' cause in this case. More nearly the opposite. In our case, all of the facts — from the description of the suspect to the short time elapsed between the citizen's complaint and the officers' investigative detention, from the limited number of escape routes from the area of the disturbance to the nature of the neighborhood itself — they all point in one direction, one consistent with reasonable suspicion.

The other authorities Mr. Willis seeks to rely on — *United States v. Fisher*, 597 F.3d 1156 (10th Cir. 2010) and *United States v. Sanchez*, 519 F.3d 1208 (10th Cir. 2008) — prove even less helpful to his cause. Both *upheld* investigative detentions based on pretty generic descriptions of suspects. And both did so because other facts — including close proximity in time and space between a citizen's tip and the officers' stop of a suspect — tended to confirm that the officers had the right man. Very much as here.

The district court's denial of Mr. Willis's motion to suppress is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge